**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0535-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SONNY SHRIEVES, a/k/a
JAMAL JENKINS and
SONNY SHIEVES,

     Defendant-Appellant.

_____

Submitted December 17, 2024 – Decided March 17, 2025

Before Judges Perez Friscia and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment Nos. 19-12-2881 and 20-02-0449 and Accusation Nos. 21-05-1276, 21-05-1283 and 21-05-1307.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Rachel Lamb, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Sonny Shrieves appeals from an order denying his petition for post-conviction relief (PCR) alleging ineffective assistance of counsel at both the plea and sentencing stages and an evidentiary hearing was warranted. After our review of the record and applicable legal principles, we affirm substantially for the reasons set forth in Judge David M. Ragonese's cogent written opinion.

I.

In December 2019, defendant was initially indicted for third-degree terroristic threats, N.J.S.A. 2C:12-3a; third-degree criminal restraint, N.J.S.A. 2C:13-2a; fourth-degree possession of an imitation firearm, N.J.S.A. 2C:39-4e; fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5d; third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4d; second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b(1); third-degree receiving stolen property, N.J.S.A. 2C:20-7a; and fourth-degree prohibited weapons, N.J.S.A. 2C:39-3f(1). In February 2020, defendant was charged under a second indictment with third-degree fencing stolen property, N.J.S.A. 2C:20-7.1b(1); third-degree receiving stolen property, N.J.S.A. 2C:20-7a; and third-degree theft by deception, N.J.S.A. 2C:20-4.

A-0535-23

Finally, in May 2021, defendant was charged under an accusation for third-degree terroristic threats, N.J.S.A. 2C:12-3b; a second accusation for fourth-degree throwing bodily fluid at a law enforcement agent, N.J.S.A. 2C:12-13; and a third accusation for third-degree receiving a stolen motor vehicle, N.J.S.A. 2C:20-7.

On May 28, defendant appeared before Judge Ragonese for a plea hearing. Pursuant to a negotiated plea deal, defendant pled guilty to the following: second-degree unlawful possession of a weapon in exchange for a five-year sentence with forty-two months of parole ineligibility; third-degree theft by deception in exchange for a five-year flat sentence; fourth-degree throwing bodily fluid in exchange for an eighteen month flat sentence; third-degree terroristic threats in exchange for a five-year flat sentence; and third-degree receiving a stolen motor vehicle in exchange for a five-year flat sentence. The State agreed to recommend concurrent sentences and to dismiss the remaining counts of the indictments and the underlying warrants charged under the accusations. The State's plea offer recommended an aggregate five-year sentence with forty-two months of parole ineligibility.

At the plea hearing, defendant testified: (1) he had sufficient time to review his case and plea agreement with his counsel; (2) he had sufficient time

3

to review the discovery with his counsel; (3) he is not rushing his decision; (4) he was not forced or coerced to enter into the plea agreement; (5) he was not made any promises to plead guilty; and (6) he understands he is not required to plead guilty and he is pleading guilty because he is, in fact, guilty. During the plea colloquy, defendant also affirmed his plea was voluntary and that he was satisfied with his counsel's services. Thereafter, defense counsel elicited a factual basis for the plea. Defendant testified and admitted to the factual basis for the crimes for which he pled guilty.

The judge asked defendant if his counsel had explained that he was waiving of his right to appeal and whether he understood that if he appealed the State would no longer be bound by the agreement. Defendant acknowledged he had spoken with his counsel about the waiver and that he understood it. Based on this testimony, the judge accepted the plea and set a sentencing date.

On November 19, immediately prior to imposing sentence, the judge asked defendant if there was anything he would like to say. Defendant asked, "Are my jail credits right?" The judge answered in the affirmative, advising defendant, "You're going to get 706 [days of credit] for [the first indictment], 675 [days of credit] for [the second indictment], 675 [days of credit] for [the

first accusation], 675 [days of credit] for [the second accusation] and 706 [days of credit] for [the third accusation]."

The judge found aggravating factors three (risk of reoffending), six (criminal history), and nine (need for deterrence) applied. N.J.S.A. 2C:44-1(a)(3), (6), (9). The court further noted defendant's prior contact with the court system, which included fifteen juvenile adjudications, five municipal court convictions, one superior court conviction, and one final restraining order. The judge also found mitigating factor fourteen, that defendant was under the age of twenty-six at the time of the offenses committed, N.J.S.A. 2C:44-1(b)(14), but found the "aggravating factors substantially outweigh the mitigating factors." The judge concluded, based on these facts, the plea agreement was "fair," and sentenced defendant pursuant thereto.

Defendant did not file a direct appeal but on June 15, 2022, filed his PCR petition. In the petition, defendant argued counsel was ineffective because they failed to: (1) provide and review discovery with defendant until four days prior to the commencement of his plea; (2) investigate and file appropriate motions based on such investigation; (3) develop and explain a trial strategy to defendant before advising him to plead guilty; (4) explain to defendant that he could appeal the sentence imposed; and (5) argue the existence of mitigating factors at

5

sentencing. He also contended trial counsel was ineffective for promising him he would receive a lesser sentence because of COVID-19 credits which he never received.

Judge Ragonese conducted arguments over two days before issuing an order accompanied by a written decision denying the application. The judge found defendant failed to establish a prima facie case of ineffective assistance because each of his "claims are belied by the record, [are] based on nothing more than bald assertions, and there is no evidence in the record to suggest that defendant would have insisted on going to trial."

The judge rejected defendant's claims asserting defense counsel conducted an inadequate review and spent insufficient time with defendant because the assertions were belied by defendant's statements under oath. The judge found defendant had testified at the plea hearing that he had sufficient time to review the case and discovery with his counsel, was not rushing into the decision and was satisfied with the services of his counsel. The judge also rejected this claim because defendant "fail[ed] to show any prejudice," as he pointed to "nothing in the record that would undermine the credibility of a key State witness, [which] would call into question the State's proofs, or that would provide him with a previously unknown defense."

6

Concerning defendant's charge for possessing an imitation firearm, the judge found defendant failed to establish that an investigation concerning the serial number and receipt related to the handgun would have altered the outcome of the case under the second prong of Strickland,[1] because defendant did not plead guilty to the imitation firearm charge. The judge also stated the "receipt is of limited evidential value," as it does "not contain a serial number for the firearm."

Concerning defendant's claims that counsel was ineffective for not filing appropriate motions, the judge found "not only did defendant fail to prove a motion would have been granted, [but] he also failed to identify the type of motion that should have been filed." The judge noted defendant "parenthetically suggest[ed]" a motion to suppress should have been filed, but that he failed to provide the court with any facts and legal arguments to evaluate the merits of such a motion. Moreover, the judge found defendant "also suggest[ed] that a motion to dismiss Indictment [No. 2881] should have been filed based on the receipt discussed above," but determined this "claim is without merit because a motion to dismiss would not have been successful." The judge also found the receipt was not "clearly exculpatory."

---

[1] Strickland v. Washington, 466 U.S. 668 (1984).

A-0535-23

Concerning defendant's claim that his counsel failed to discuss trial strategy with him prior to the plea, the judge first noted that these claims were belied by the record, as defendant assured the judge under oath at his plea hearing that he was satisfied with the services of his counsel. Moreover, the judge found defendant did not "show that any particular strategy would have changed the outcome of the plea or that defendant would have insisted on going to trial." The judge also found that the State's evidence of second-degree unlawful possession of a handgun, was "substantial," and defendant's plea agreement "contemplated the shortest period of incarceration for a second-degree conviction even though defendant had a significant prior history of contact with the court system." Therefore, given the "substantial benefit defendant received by pleading guilty to five crimes in exchange for the minimum sentence . . . defendant fail[ed] to show that it would have been reasonable for him to insist on going to trial with a different, unidentified trial strategy."

Turning to defendant's claim that counsel failed to explain that he could appeal his sentence notwithstanding his agreement to the contrary, the judge again found that "this argument is . . . belied by the record." The judge noted during the plea colloquy that defendant acknowledged under oath he understood

8

he could appeal and that he discussed this right with his counsel. Defendant also signed a "Notice of Appeal Rights Form," stating he had forty-five days to file his appeal. The judge concluded defendant's "unsupported, conclusory allegations to the contrary" were without merit.

As to defendant's claim that counsel failed to argue mitigating factors, the judge rejected the argument because not only has defendant "not identified any evidence from the record that would support application of any of the mitigating factors," he "has not even argued which mitigating factor(s) trial counsel should have raised." The judge stated defendant could not satisfy the first prong of Strickland because the sentencing court considered the presentence report and found none of the mitigating factors applied except fourteen and, even assuming deficient performance of counsel, there was no prejudice because "based upon the terms of the plea agreement, there is no reasonable probability that [defendant] would have insisted on going to trial."

Lastly, the judge considered and rejected defendant's claim that counsel told him he would receive COVID-19 jail credits which he relied upon when deciding to accept the plea deal. The judge held the argument is "belied by the record," as defendant testified that no promises were made to him for his guilty plea. The judge found defendant's contentions were "bald assertions

9

unsupported by specific facts in the record," and defendant was "advised of the sentence he would receive." The record shows that when defendant inquired about jail credits, he was "provided . . . the exact number of jail credits he would receive," and "[n]o mention of COVID-19 credits was ever made and no representations that he would receive these types of credits was ever made." Moreover, the court found defendant did not demonstrate that, but for counsel's alleged deficient performance, he would not have pled guilty.

The court concluded "there were no errors capable of prejudicing defendant individually or taken together," and "[w]ithout presenting a prima facie case of ineffective assistance of counsel, defendant is not entitled to an evidentiary hearing on those issues."

On appeal, defendant raises the following points:

> POINT I
>
> DEFENDANT ASSERTS HE WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHICH DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHTS PURSUANT TO ARTICLES SIX AND FOURTEEN OF THE UNITED STATES CONSTITUTION AND ARTICLE I, PARAGRAPH 10 OF THE NEW JERSEY CONSTITUTION.
>
> A. Trial defense counsel failed to provide and review the discovery with defendant, failed to investigate, failed to file motions based upon the

investigation, or develop a trial strategy prior to advising defendant to accept a plea offer.

B. Defendant received ineffective assistance of counsel because trial defense counsel erroneously advised that he would receive a lower sentence because of Covid-19 credits, and defendant relied upon this advice.

C. Trial defense counsel was ineffective by failing to argue any mitigating factors at sentencing.

D. Defendant asserts that trial defense counsel was ineffective by failing to notify defendant that despite the waiver of appeal, he could still challenge his sentence on appeal.

POINT II

DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING BECAUSE OF CUMULATIVE ERRORS.

II.

Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020). A defendant is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if they establish a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record,

11

and an evidentiary hearing is necessary to resolve the claims for relief. Id. at 354 (quoting R. 3:22-10(b)). The PCR court should grant an evidentiary hearing "if a defendant has presented a prima facie claim in support of [PCR]." State v. Preciose, 129 N.J. 451, 462 (1992).

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obligated to show (1) that counsel's performance was deficient, and (2) the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 48-50 (1987). Under the first prong, defendants must demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. Defendants can establish deficient performance of counsel by showing "counsel's acts or omissions fell outside the wide range of professionally competent assistance considered in light of all the circumstances of the case." State v. Gaitan, 209 N.J. 339, 350 (2012) (quoting State v. Castagna, 187 N.J. 293, 314 (2006) (internal quotations and citation omitted)). "Mere dissatisfaction with a 'counsel's exercise of judgment' is insufficient to warrant overturning a conviction." State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Echols, 199 N.J. 344, 358 (2009)). The "petitioner must do more than make bald assertions," but instead "allege facts sufficient to demonstrate

counsel's alleged substandard performance."  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Under the second prong, defendant must show "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.  To show prejudice in connection with a guilty plea, "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial.'"  Gaitan, 209 N.J. at 351 (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)) (internal quotations and citation omitted).  A defendant also "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."  Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see also Aburoumi, 464 N.J. Super. at 339.

Generally, "representations made by a defendant at plea hearings concerning the voluntariness of the decision to plead, as well as any findings made by the trial court when accepting the plea, constitute a 'formidable barrier' which defendant must overcome."  State v. Simon, 161 N.J. 416, 444 (1999) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).  This is because "[s]olemn declarations in open court carry a strong presumption of verity."  Ibid. (quoting Blackledge, 431 U.S. at 74).

A-0535-23

## III.

Here, we affirm substantially based on the factual findings and legal conclusions contained in Judge Ragonese's sound written decision. We add the following comments. The judge was fully familiar with the matter because he presided over the plea hearing, sentencing hearing, and PCR application. We conclude the judge correctly found defendant's claims asserting his trial counsel spent insufficient time reviewing discovery and inadequately reviewed his case are directly contrary to statements he made under oath at his plea hearing. The record exhibits that defendant assured the judge he had enough time to review the case with his counsel, was satisfied with the services, and was not rushing into the decision to plead guilty.

The judge was also correct that defendant failed to show any prejudice related to this claim, as he did not point to anything in the record which would have changed the outcome. We conclude defendant has not raised a reasonable probability that, but for trial counsel's alleged failure to provide and review discovery earlier, he would have rejected the plea agreement and proceeded to trial. The judge aptly found defendant's "plea deal contemplated the shortest period of incarceration for a second-degree conviction even though defendant had a significant prior history of contact with the court system," and, given this

14

"substantial benefit," "defendant fails to show it would have been reasonable for him to insist on going to trial with a different, unidentified trial strategy."

Concerning defendant's claim that his counsel did not properly investigate the imitation gun charge, we note counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary," and the failing to do so may "render the lawyer's performance deficient." Porter, 216 N.J. at 353. To establish a claim based on failure to investigate, a defendant must show the investigation would have affected the outcome. Cummings, 321 N.J. Super. at 170. Again, we concur with the judge that defendant's argument fails because the gun receipt, devoid of the matching serial number, is of "little evidential value," nor did he present any facts which show even if there was a more thorough investigation that there was a reasonable probability that the receipt would have altered the disposition of any of his other charges. In addition, as found by the judge, no prejudice exists because defendant ultimately did not plead guilty to this charge.

Defendant's ineffective assistance claim based on trial counsel's failure to file a motion must also satisfy both prongs of Strickland/Fritz and additionally prove that the motion was meritorious. State v. Goodwin, 173 N.J. 573, 597 (2002) (citing State v. Fisher, 156 N.J. 494, 501 (1998)). Here, defendant merely

15

asserts that counsel "failed to file motions based upon the investigation," but does not specify what motions should have been filed, let alone provide reasons how the motion would have been successful. Therefore, we conclude defendant's claim on this ground is meritless.

We further conclude defendant's claim surrounding his counsel's alleged failure to adequately explain he could appeal his sentence also fails because it is contradicted by the record. Under oath, defendant acknowledged he spoke with his lawyer about the waiver of his appeal rights. Moreover, defendant signed a Notice of Appeal Rights Form that further advised him of his waiver of such rights.

Defendant's assertions surrounding counsel's ineffectiveness due to the alleged failure to explain and argue mitigating factors also does not persuade us. The "failure to present mitigating evidence or argue for mitigating factors" may support a claim of ineffective assistance of counsel. State v. Hess, 207 N.J. 123, 154 (2011). Mitigating and aggravating factors must be supported by credible evidence in the record. State v. Dalziel, 182 N.J. 494, 505 (2005). Here, as the State correctly points out, despite defendant's contention, the judge considered the pre-sentence report and mitigating factor fourteen, that defendant was under the age of twenty-six at the time of the commission of the offenses and weighed

16

this factor against the aggravating factors set forth above. Concerning defendant's argument that trial counsel should have argued his substance abuse history to mitigate his sentence, the State is also correct that defendant failed to argue what mitigating factor this would apply.

Most importantly, we concur with the judge's conclusion that, "the record does not support defendant's contention that he would not have ple[d] guilty and insisted on going to trial" but for counsel's allegedly deficient performance, as defendant "received a favorable sentence by pleading guilty to a second-degree crime in exchange for the lowest sentence permissible by statute for a second-degree offense."

Finally, defendant's "post COVID credits" argument is also unsupported by the record. We agree with the judge when he noted, "defendant's contentions about what his trial counsel promised him are nothing more than bald assertions unsupported by specific facts in the record." Moreover, at his sentencing the judge scrupulously informed defendant the exact amount of jail credit days he would receive with no mention of "COVID" credits to which defendant agreed.

Because no genuine factual issues were presented by defendant in his PCR petition that were not capable of being decided on the existing record, the judge's decision not to hold a hearing was appropriate. See R. 3:22-10(b) (stating a

17

defendant is only entitled to an evidentiary hearing "upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact . . . , and a determination that an evidentiary hearing is necessary to resolve the claims for relief").  Therefore, we conclude Judge Ragonese's denial of defendant's PCR petition finding it failed to establish a prima facie case was aptly supported by substantial evidence in the record and was not an abuse of discretion.

To the extent we have not specifically addressed any of defendant's remaining legal arguments we conclude they are of insufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division